**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-419-KC |
| | § | |
| PISTOLEROS DEL ADOBE HORSE SHOE CANTINA & GRILL LLC, JASON REYES, and ISELA REYES, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day, the Court considered Plaintiff's Motion for Default Judgment ("Motion"), ECF No. 15. For the reasons below, the Motion is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**

Plaintiff is a broadcast licensing company. Compl. ¶¶ 3, 7, ECF No. 1. It had the exclusive rights to sublicense a November 28, 2020, boxing match, along with all the undercard bouts and commentary (collectively, the "Event"), at locations throughout Texas. *Id.* ¶ 3. Commercial establishments like bars and restaurants could broadcast the Event only if they contracted with Plaintiff. *See id.* ¶¶ 3, 7–9. Plaintiff alleges that Defendant Pistoleros Del Adobe Horse Shoe Cantina & Grill LLC ("Pistoleros Del Adobe") owned and held the alcohol permit for Pistoleros del Adobe Horseshoe Cantina & Grill/Pistoleros del Adobe Cantina & Grill ("Cantina & Grill"), a bar and restaurant in San Elizario, Texas, and that Defendants Jason Reyes and Isela Reyes were Pistoleros Del Adobe's "member[s], manager[s], officer[s], and/or principal[s]." *Id.* ¶¶ 4–6. Without contracting with Plaintiff, Defendants displayed the Event at Cantina & Grill, "via a satellite signal or . . . via a cable signal." *Id.* ¶ 9. The Event was electronically coded and was not available to the general public. *Id.* ¶ 7.

About three years later, Plaintiff filed its Complaint, alleging that when Defendants displayed the Event without authorization, they violated the Federal Communications Act ("FCA"), 47 U.S.C. §§ 553 or 605. *Id.* ¶¶ 18–23. The Court granted Plaintiff's Motion for Order of Substituted Service of Process, ECF No. 6. Jan. 19, 2024, Order, ECF No. 8. Thereafter, Plaintiff properly served the Defendants, but none made an appearance within twenty-one days of being served, as Federal Rule of Civil Procedure 12(a) requires. *See* Summons Returned Executed, ECF No. 9; Summons Returned Executed, ECF No. 10; Summons Returned Executed, ECF No. 11. On March 8, 2024, Plaintiff filed a Request for Clerk's Entry of Default Against Defendants, ECF No. 12. The Clerk entered default on March 12. Clerk's Entry of Default, ECF No. 13.

Plaintiff now moves for default judgment against Defendants on only its § 605 claims. Mot. 6 n.1. Plaintiff seeks $10,000 in statutory damages, under § 605(e)(3)(C)(i)(II), and $30,000 in damages for Defendants' willful and financially expedient conduct, under § 605(e)(3)(C)(ii). *Id.* ¶¶ 26, 32. Plaintiff also seeks costs and attorneys' fees, under § 605(e)(3)(B)(iii). *Id.* ¶¶ 33–35.

## II.   STANDARD

The clerk of the court shall enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After the clerk enters default, a party may move for a default judgment. *See* Fed. R. Civ. P. 55(b); *see also N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A court enters default judgment only if there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). In assessing whether the complaint contains a sufficient basis for a

default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a default judgment conclusively establishes a defendant's liability, it does not establish the amount of damages. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). District courts have "wide latitude" regarding whether to hold an evidentiary hearing on the issue of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B). A hearing is unnecessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). As explained below, the damages here are capable of mathematical calculation, so a hearing is unnecessary. *See id.*

### III. DISCUSSION

#### A. FCA Liability

Plaintiff alleges that Defendants violated § 605 of the FCA. Compl. ¶¶ 18–23. "A person violates 47 U.S.C. § 605 when he 'intercept[s] any radio communication . . . or receive[s] or assist[s] in receiving any interstate or foreign communication by radio and use[s] such communication . . . for his own benefit or for the benefit of another not entitled thereto.'" *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. 2015) (quoting 47 U.S.C. § 605(a)) (alterations in original). "The unauthorized interception of satellite or cable transmission violates . . . [§] 605." *Id.* (citing *Entm't by J & J, Inc. v. Al–Waha Enters.*, 219 F. Supp. 2d 769, 774 (S.D. Tex. 2002)).

To recover, a plaintiff "need only prove (1) that the event was shown in Defendants' commercial establishment (2) without Plaintiff's authorization, and (3) that Plaintiff was the exclusive licensee." *Joe Hand Promotions, Inc. v. Ambiente Bar LLC*, No. 7:13-CV-132, 2014 WL 580767, at *2 (S.D. Tex. Feb. 13, 2014) (citing *G & G Closed Cir. Events LLC v. Rivals Sports Grill LLC*, No. CIV. A. 6:12-3052, 2014 WL 198159, at *3 (W.D. La. Jan. 14, 2014) (collecting cases)); *see also* 47 U.S.C. §§ 605(a), (e)(3)(A).  It is not necessary for a defendant to display an event themselves—FCA liability attaches to those who held the liquor permit for a business where an FCA violation occurred, as well as those who "had [] the right and ability to supervise the unauthorized activities of the establishment and [] an obvious and direct financial interest in those activities." *Ambiente Bar LLC*, 2014 WL 580767, at *2 (collecting cases).

Plaintiff has adequately alleged that Defendants violated § 605 of the FCA. Plaintiff's Complaint alleges that Defendants intercepted the Event by satellite or by cable and then displayed it at Cantina & Grill. Compl. ¶¶ 9, 12. It alleges that Plaintiff, the Event's exclusive licensee, did not authorize Defendants' actions. *Id.* ¶¶ 3, 12. And it alleges that Defendant Pistoleros Del Adobe owned and held the liquor license for Cantina & Grill and that Defendants Jason Reyes and Isela Reyes were "member[s], manager[s], officer[s], and/or principal[s]" of Pistoleros Del Adobe. *Id.* ¶¶ 4–6. It further alleges, as a result, that Defendants Jason Reyes and Isela Reyes could "supervise the activities," and "had an obvious and direct financial interest" in Cantina & Grill. *Id.* ¶¶ 4–6. Because Defendants have defaulted, the Court accepts these allegations as true, and therefore finds that Defendants violated the FCA. *See Nishimatsu*, 515 F.2d at 1206; *Ambiente Bar LLC*, 2014 WL 580767, at *2.

### B. Damages

#### 1. Statutory damages

"A party aggrieved by a violation of Section 605 may elect to receive either actual damages or statutory damages." *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 816 (citing 47 U.S.C. § 605(e)(3)(C)(i)). When a plaintiff has elected to receive statutory damages, the court has discretion to award between $1,000 and $10,000. *See id.* (citing 47 U.S.C. § 605(e)(3)(C)(i)(II)). Plaintiff asks the Court to award the full $10,000 in statutory damages. Mot. ¶¶ 16–26.

"[T]here is no universal approach" for calculating statutory damages. *J&J Sports Prods., Inc. v. Gutierrez*, No. DR-19-CV-057-AM/VRG, 2021 WL 2930094, at *2 (W.D. Tex. Mar. 16, 2021). Some courts award a flat sum that accounts for "broader economic costs." *See J&J Sports Prods., Inc. v. Prada Invs. Inc.*, No. 7:14-CV-815, 2016 WL 7735339, at *3 (S.D. Tex.

5

Apr. 28, 2016) (collecting cases).  Others base the award on the number of patrons present when the violation occurred, and still others base it on the licensing fee, which hinges on the establishment's seating capacity.  *See Gutierrez*, 2021 WL 2930094, at *2 (citing *Joe Hand Promotions, Inc. v. Bonvillain*, Civ. No. 13-4912, 2013 WL 5935208, at *2, 5 (E.D. La. Nov. 5, 2013)).  Ultimately, these varied approaches serve the same purpose—to deter defendants from future violations.  *See J&J Sports Prods., Inc. v. JD Alexander Invs., LLC*, No. 7:17-CV-00064, 2018 WL 2323291, at *3 (S.D. Tex. Jan. 4, 2018); *J & J Sports Prods., Inc. v. Molinar*, No. EP-13-CV-363-PRM, 2014 WL 2112172, at *3–4 (W.D. Tex. Mar. 20, 2014).

Because it appears to be most common approach in the Fifth Circuit and is susceptible to mathematical calculation, the Court awards damages based on the licensing fee.  *See Innovative Sports Mgmt., Inc. v. Trampsports, LLC,* No. 1:23-CV-01144-DII, 2024 WL 3669862, at *3–4 (W.D. Tex. Aug. 5, 2024), *report and recommendation adopted*, No. 1:23-CV-1144-RP, 2024 WL 3898107 (W.D. Tex. Aug. 21, 2024); *J&J Sports Prods., Inc. v. SIAM Enterprises, LLC*, No. EP-18-CV-138-PRM, 2018 WL 7297877, at *5 (W.D. Tex. Dec. 17, 2018); *Molinar*, 2014 WL 2112172, at *3.

Courts typically use the licensing fee only as a baseline for damages.  *See G&G Closed Cir. Events, LLC v. 1) GCF Enters. LLC*, No. EP-15-CV-00111-KC, 2015 WL 7313427, at *4 (W.D. Tex. Nov. 19, 2015); *Molinar*, 2014 WL 2112172, at *4.  While tripling the licensing fee is common, "lesser [increases] can be sufficient."  *J&J Sports Prods., Inc. v. Vallejo*, No. 5-16-CV-00735-FB-RBF, 2018 WL 3795301, at *4 (W.D. Tex. Aug. 9, 2018) (collecting cases).  In deciding on an increase, courts account for the number of people in attendance, "'profits made from food and drink sales' . . . [and] profits from the entry fee."  *GCF Enters.*, 2015 WL 7313427, at *4 (quoting *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D.

6

Tex. 2008)).  On one end of the spectrum, the court tripled the licensing fee in *GCF Enterprises* because the defendants charged an entry fee and sold drinks to almost 130 people.  *Id.*  On the other end, the court increased the licensing fee by only $100 in *J & J Sports Productions, Inc. v. Rivera*, because only five people were present, and it was not clear that any of them had bought food or drinks or been charged an entry fee.  No. EP-14-CV-00343-KC, 2015 WL 1137473, at *5 (W.D. Tex. Mar. 12, 2015).

Applied to the facts at hand, these cases counsel increasing damages past the licensing fee, but not doubling or tripling them.  There were between five and ten people at Cantina & Grill, but the affidavit submitted as evidence by Plaintiff does not specify whether this number was only patrons or also included employees.  *See* Mot. Ex. B(3), at 1 ("Jimenez Affidavit"), ECF No. 15-5.  The affidavit submitted by Plaintiff suggests that Defendants sold drinks, but it does not specify that the author saw that they were sold to individuals present at Cantina & Grill during the Event.  *Id.*  Patrons were also not charged an entry fee.  *Id.*  Because Cantina & Gril has a seating capacity around sixty people, the licensing fee would have been $750.  *See id.*; Mot. ¶ 21; Mot. Ex. B(2), ECF No. 15-4.  The Court thus finds it appropriate to increase the licensing fee by $100, which would yield a total of $850 in statutory damages.  *See Rivera*, 2015 WL 1137473, at *4–5 (setting damages at $100 more than the licensing fee due to the low number of individuals present and lack of cover charge).  But because parties seeking statutory damages under § 605 of the FCA are entitled to a minimum of $1,000, the Court sets the amount of statutory damages at $1,000.  47 U.S.C. § 605(e)(3)(C)(i)(II) ("[T]he party aggrieved may recover an award of statutory damages . . . in a sum of not less than $1,000.").

### 2. Willfulness damages

"If the Court finds that a violation was committed 'willfully and for purposes of direct or indirect commercial advantage or private financial gain,' it may, in its discretion, increase the damage[s] awarded by an amount of not more than $100,000." *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 816 (quoting 47 U.S.C. § 605(e)(3)(C)(ii)).  Plaintiff asks the Court to increase the award by $30,000, equating to three times its requested amount of statutory damages of $10,000. Mot. ¶¶ 27–32.

The Complaint sufficiently alleges, and Defendants by their default admit, that they acted willfully and for commercial gain.  Compl. ¶¶ 12–14; *Nishimatsu Constr. Co.*, 515 F.2d at 1206. The Complaint properly alleges that Defendants acted willfully by displaying the Event, which was electronically coded.  *See* Compl. ¶¶ 7, 12; *Garcia*, 546 F. Supp. 3d at 385 ("[S]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." (quoting *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999))).  And it provides evidence that Defendants acted for financial gain, as they sold drinks.  *See J&J Sports Productions, Inc. v. Cotorra Cocina Mexicana & Bar LLC*, 2012 WL 1098446, at *3 (S.D. Miss. Mar. 30, 2012); Jimenez Aff. 1.

In determining the amount of willfulness damages to award, courts consider several factors: whether the defendants have violated the FCA before, whether they advertised the event, whether they charged an entry fee, whether they sold food and drinks to patrons, and the number of televisions they used.  *See J&J Sports Prods., Inc. v. JJRM, LLC*, No. 3:19-CV-1090-K, 2020 WL 7398781, at *5 (N.D. Tex. Dec. 16, 2020).  "Although an award of additional damages for a willful act should be sufficient to deter such piracy in the future, . . . such an award should not be so high as to drive the actor out of business." *J&J Sports Prods., Inc. v. Bermudez*, No. SA-17-

CV-387-XR, 2017 WL 4448244, at *5 (W.D. Tex. Oct. 5, 2017) (citations omitted).  Damages far lower than $100,000 are ordinarily adequate.  *See J & J Sports Prods., Inc. v. Tejada*, No. 5:13-CV-01020-XR, 2014 WL 869218, at *2 (W.D. Tex. Mar. 4, 2014) (quoting *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 437, 350 (9th Cir. 1999)) ("[A] low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business.").

Courts have awarded a wide range of willfulness damages.  *See Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 818 (collecting cases awarding willfulness damages between three and nine times statutory damages).  In *Morelia Mexican Restaurant, Inc*, for example, the court awarded four times the statutory damages award when the defendants advertised the event, charged an entrance fee, sold food and drinks, and displayed the event on five televisions to around sixty patrons.  *Id.*  But in *Rivera*, the court awarded damages of an amount equal to the statutory damages due to the low number of people present and the lack of cover charge.  2015 WL 1137473, at *4–6.  Further, in *G&G Closed Circuit Events, LLC v. Alamo Card House, LLC*, the court awarded just fifty percent more than statutory damages when the event was broadcast on one television in San Antonio, Texas and the defendant sold food and drinks.  No. SA-20-CV-01094-XR, 2021 WL 5810558, at *7 (W.D. Tex. Dec. 7, 2021).

The facts here justify an increase between that of *Rivera* and *Alamo Card House*.  As in *Rivera*, Defendants did not charge a cover fee, sold drinks, and displayed the Event to a relatively small number of individuals.  *See* Jimenez Aff. 1; 2015 WL 1137473, at *4–6.  But unlike in *Rivera*, there is no evidence that Defendants served food.  *See* Mot. 17; Jimenez Aff. 1; 2015 WL 1137473, at *4–6.  Defendants did, however, advertise the Event on social media, showing actions with a purpose of commercial advantage.  Mot. 10; Jimenez Aff. 1; Mot. Ex. C

9

at ¶ 3, ECF No. 15-6; Mot. Ex. C(1), ECF No. 15-7; *Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d at 817–18.  Further, unlike in *Alamo Card House*, Defendants also utilized multiple screens (two) to broadcast the boxing match.  Mot. 16; Jimenez Aff. 1; 2021 WL 5810558, at *7.  Plaintiff does not allege that Defendants are repeat violators.  *See generally* Compl; Mot.  Taking all this into account, the Court finds that an enhanced damages award of twenty-five percent more than the statutory damages award is appropriate.  *See Alamo Card House, LLC*, 2021 WL 5810558, at *7 *Rivera*, 2015 WL 1137473, at *4–*6.  The Court thus awards Plaintiff $1,250 in additional damages.  *See Tejada*, 2014 WL 869218, at *2.

      **C.**      **Attorneys' fees and costs**

Finally, Plaintiff requests attorneys' fees and costs.  Mot. ¶¶ 33–35.  Under § 605(e)(3)(B)(iii), attorneys' fees are mandatory.  *See J&J Sports Prods., Inc. v. Da-Vi Corp.*, No. EP-19-CV-00126-DCG, 2020 WL 2043981, at *6 (W.D. Tex. Apr. 28, 2020); *J & J Sports Prods., Inc. v. Guerrero*, No. 5:17-CV-92, 2018 WL 375391, at *2 (S.D. Tex. Jan. 11, 2018).  While courts can award fees equal to one-third of damages, they "almost uniformly" award fees based on the rate and hours reasonably billed.  *J&J Sports Prods., Inc. v. Molina & Reyes Enterprises, LLC*, No. 5:18-CV-382 (RCL), 2020 WL 3579823, at *4 (W.D. Tex. May 7, 2020) (first citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); and then citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).  But see *J & J Sports Prods., Inc. v. Casita Guanajuato, Inc.*, No. A-13-CA-824-SS, 2014 WL 1092177, at *3 (W.D. Tex. Mar. 19, 2014) ("An award equal to one third of the recovery . . . is frequently the measure of attorney's fees used in Communications Act cases by federal courts in Texas.").

Plaintiff's attorney requests $2,250 in fees—for nine hours of work, billed at $250 per hour.  Mot. Ex. D, at 2–3, ECF No. 15-8 ("King Affidavit").  Based on the Court's review of

similar cases—including cases involving the same attorney—and accounting for the number of defendants, it finds that this request is reasonable. *See, e.g.*, *Joe Hand Promotions, Inc. v. Dive on 75 Priv. Club, Inc.*, No. 3:21-CV-1110-G-BH, 2022 WL 3045751, at *2 (N.D. Tex. July 5, 2022), *report and recommendation adopted*, No. 3:21-CV-1110-G, 2022 WL 3042919 (N.D. Tex. Aug. 2, 2022) ($250 an hour for about eighteen hours of work by Plaintiff's attorney); *Joe Hand Promotions, Inc. v. Macias*, No. CIV.A. H-11-1773, 2012 WL 950157, at *2 n.1 (S.D. Tex. Mar. 19, 2012) ($250 an hour for thirteen hours of work by Plaintiff's attorney).

Plaintiffs prevailing under the FCA are also entitled to costs. *See* 47 U.S.C. § 605(e)(3)(B)(iii); Fed. R. Civ. P. 54(d); *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. CV H-16-3696, 2018 WL 287792, at *3 (S.D. Tex. Jan. 4, 2018). Under the broadly applicable 28 U.S.C. § 1920, recoverable costs include, among others, "[f]ees of the clerk and marshal" and fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Costs for private process servers are generally not recoverable under 28 U.S.C. § 1920. *Zastrow v. Houston Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) ("[T]his circuit has held that costs for private process servers [under § 1920] are not recoverable, absent exceptional circumstances.").

Plaintiff argues that the FCA, unlike the generally applicable cost-shifting statute, allows for recovery of "full costs," and that this should include the cost of using private process servers. Mot. 18; 47 U.S.C. § 605(e)(3)(B)(iii). To be sure, several district courts have held that the "full costs" provision of the FCA allow for recovery of costs beyond those enumerated in § 1920. For example, in *J & J Sports Productions, Inc. v. Ahuachapan Corp.*, the district court held that the plaintiff could recover $70 in process server's fees. 422 F. Supp. 3d 652, 667 (E.D.N.Y. 2019). Additionally, in *Kingvision Pay-Per-View Ltd. v. Autar*, the court allowed recovery of

11

investigative costs for a pay-per-view broadcaster. 426 F. Supp. 2d 59, 66–68 (E.D.N.Y. 2006). But in *Rimini Street, Inc. v. Oracle USA, Inc.*, the United States Supreme Court held that a provision of the Copyright Act allowing for recovery of "full costs" allowed only for recovery of costs provided for in the "general 'costs' statute codified at §§ 1821 and 1920 of Title 28." 586 U.S. 334, 339–42 (2019). Because Congress in enacting §§ 1821 and 1920 "create[d] a default rule and establish[ed] a clear baseline against which Congress may legislate," the Court reasoned that "[a] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Id.* There is no substantive difference between the Copyright Act and FCA cost-shifting provisions. *Compare* 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs . . . ."), *with* 47 U.S.C. § 605(e)(3)(B)(iii) ("The Court . . . shall direct the recovery of full costs . . . ."). No provision of §§ 1821 or 1920 allows for the recovery of costs incurred by private process servers. *See* 17 U.S.C. § 505; 47 U.S.C. § 605(e)(3)(B)(iii); *Zastrow*, 695 F. App'x at 780. Therefore, Plaintiff cannot recover such costs here.

Plaintiff's attorney requests $1,149 in costs—comprising $402 in filing fees for the Complaint, $735 in costs related to the use of private process servers, and $12 in copy fees. King Aff. 4. Because the costs for private process servers are not recoverable under the FCA, the Court awards a total of $414 in costs in filing and copy fees.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion, ECF No. 15, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of Plaintiff Joe Hand Promotions, Inc and against Defendants Pistoleros Del Adobe Horse Shoe Cantina & Grill LLC; Jason Reyes; and Isela Reyes.

**IT IS FURTHER ORDERED** that Defendants Pistoleros Del Adobe, Jason Reyes, and Isela Reyes are jointly and severally liable and **SHALL PAY** Plaintiff:

a. **$1,000.00** in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

b. **$1,250.00** in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

c. **$2,250.00** in attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii); and

d. **$414.00** in costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

In total, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendants Pistoleros Del Adobe, Jason Reyes, and Isela Reyes in the amount of **$4,914.00**.

**IT IS FURTHER ORDERED** that all monetary judgments awarded herein shall accrue post-judgment interest at the legal rate prescribed by 28 U.S.C. § 1961, calculated from the date of this Order.

The Clerk shall close the case.

**SO ORDERED.**

SIGNED this 25th day of September, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE